The opinion of the Court was drawn up by
Rtcb, J.
The parties are riparian proprietors and mill owners on the same stream ; the plaintiff’s mill being located below that of the defendants. The complaint on the part of the plaintiff is, that the defendants, by means of their dam, unreasonably detain the water in its passage to his mill, to his injury..
Among other instructions, to which no objections are now made, the Court instructed the jury that, although the plaintiff claims by the grants in his deeds, and a reservation in one of the deeds of the defendants, a right greater than the *604 natural current of the stream, the' evidence did not sustain a right to more than the natural current; but that the evidence was sufficient to authorize the jury to find that the plaintiff had the right to the natural flow of the stream at all times, unless it was necessary for the defendants, for the purpose of making repairs, or by reason of some extraordinary occurrence, temporarily to detain the water, and, if the defendants unreasonably detained the water, so that they deprived the plaintiff of the natural. current of the stream, they were liable in damages.
The defendants complain of this rule as being more restrictive on them than the law authorizes.
Every proprietor of lands on the banks of a river, has naturally an equal right to the use of the water which flows in the stream adjacent to his land, without diminution or alteration. No proprietor has the right to use the water to the prejudice of the proprietors above or below him, unless he has a prior right to divert, or a title to some exclusive enjoyment. He has no property in the water itself but a simple usufruct while it passes along. This right to use, however, necessarily implies a right to exercise a degree of control over it, and even, to some extent, to diminish its volume. Thus he may apply it to domestic purposes or purposes of irrigation, but not to such an extent as unreasonably to diminish its quantity. He may apply it to purposes of manufacture, or the arts, but may not, in so doing, corrupt it and so injure its quality as to render it unfit for use by other proprietors below. He may use it for hydraulic purposes, but may not unreasonably retard its natural flow, nor injuriously accelerate its motion, by discharging it from his works in an unreasonable manner, nor suddenly and in excessive quantities, nor divert it from its accustomed channel without returning it to the same before it passes from his own premises to those of others. Within these general limitations he may make any practicable use of streams of running water, so far as proprietors below are concerned, and incur no legal liability. The use in all these *605 cases must be a reasonable one. 3 Kent’s Com., 439, note a; Tyler v. Wilkinson, 4 Mason, 401; Springfield v. Harris, 4 Allen, 494.
The reasonableness of the detention of running water by dams, by the riparian proprietor above, to the injury of a riparian proprietor below, depends much upon the nature and size of the stream as well as the use to which it is subservient. Ang. on Water Power, § 119.
In small streams, where the volume of water in its ordinary course would be insufficient for practical use, the law would authorize its detention for a reasonable time in which to accumulate a head which could be made available. Hitchcock v. Deuchler, 6 Barr., 32. It is only by thus accumulating water and then using it, that many small streams can be made practically useful as a power for propelling mills and machinery. And, so far from this detention being confined to times necessary for repairs or by reason of some ex-traoi’dinary occurrence, it is the common and ordinary way in which the water power on such streams is made effective or valuable. The question in such case is whether the detention, under all the circumstances in the case, is an unreasoxxable use of the water, not whether it is unreasonably detained for the specific purpose of repair, or by reason of some extraordiixary occurrence.
Oxx this point we think the jury may have been misled by the instruction of the Court, and, therefore, the exceptions must be sustained.
Appleton, C. J., Davis, Kent and Walton, JJ., concurred.