Smith, P. J.
The plaintiff owns and operates a grist mill on Tonawanda creek, and he brings this action to recover damages for the alleged diversion by the defendant of water from the said stream to the injury of the plaintiff. The referee found that during the period covered by the complaint, to-wit, from the 5th of November, 1873, to the 10th of March, 1879, the defendant, by means of pumps and other apparatus, took from said creek, above the plaintiff’s mill, about 15,000 cubic feet of water daily, and used and consumed the same in its locomotives in operating its railroad and conducting its business, and did not return the same to the bed of said creek. He also found that such taking did not perceptibly or materially reduce or affect the grinding capacity or power or value of plaintiff’s mill, nor did it cause the plaintiff any actual, perceptible damage or injury whatever, nor was the rental or market value of said mill with the appurtenances and privileges thereby reduced or affected.
It is difficult to reconcile the latter finding with the fact of the diversion first found, in view of the uncontradicted evidence that during a considerable portion of each year there was a lack of sufficient water in the stream to drive the plaintiff’s mill, and he was compelled to he idle for want of water, while he had grain to grind more than enough to *702 use his mill to its full capacity. The finding in question-seems to rest largely upon the opinion expressed by one of the defendant’s witnesses that the addition or withdrawal of 15,336 feet during each twenty-four hours would not. make any perceptible or appreciable difference in the capacity or operation of the mill. Yet the same witness testifiect that that quantity of water at full head would grind one and sixty-three one-hundredths bushels of grain. That, being the case, the injury caused by the diversion, although it may have been small, was material and appreciable, and the diversion was an invasion of the plaintiff’s right for which he was entitled to at least compensatory damages. In these circumstances the plaintiff was entitled to maintain his action (Garwood v. N. Y. C. and H. R. R. R. Co., 17 Hun, 356; S. C., affd., 83 N. Y., 400), and the dismissal of the complaint was error.
We also think it was error to exclude the plaintiff’s offer to show that prior to the time when the defendant first took water from the stream, the period of low water in the-the creek, during which mills could not be run, was but a. very few days in the year, and that since the defendant began to take the water there had been a constant increase in the period during which mills situated as the plaintiff’s, was could not be run to their full capacity. The testimony offered tended to show the injury, and the extent of it, to which the plaintiff was subjected, by the defendant’s diversion of the water.
The judgment should be reversed and a new trial ordered, before another referee; costs to abide event.
Barker and Bradley, JJ., concur; Haight, J., not. voting. _