## CROWNEN *v.* WELLSVILLE WATER CO.

*(Supreme Court, Special Term, Erie County.   November, 1888.)*

WATER AND WATER-COURSES—DIVERSION OF STREAM—INJUNCTION.

    A corporation organized to supply a village with water, under Laws N. Y. 1873, c. 737, which provides that corporations formed thereunder may have, hold, and occupy any of the waters of the state, but that they cannot, in so doing, infringe any private right, is entitled to divert from a stream upon which it has acquired land for a reservoir the surplus water above what is required by a lower riparian owner for the uses to which he has been accustomed to devote it, but it cannot divert the water required by him for such uses.

Motion to modify an injunction enjoining defendant from diverting the waters of Crownen brook from their natural course and channel through the premises of the plaintiff, John D. Crownen.

*Hamilton Ward*, for plaintiff.   *Clarence A. Farnum*, for defendant.

DANIELS, J.   The defendant is a corporation created and organized under chapter 737 of the Laws of 1873 to supply the village of Wellsville with water.   It acquired the title to land bounded upon the creek in a southwesterly direction from the plaintiff's premises, and there it constructed a reservoir, into which the water was passed, and from that reservoir it was taken into the village, and there distributed for the uses of the village, and also its inhabitants.   This interception of the water has been proven by the affidavits to have obstructed and prevented its flowing by the channel of the creek through the plaintiff's farm.   Prior to the obstruction of the water in this manner the creek afforded an abundant supply for the use of the plaintiff in watering his stock, and for domestic and culinary purposes, but since the erection of the reservoir, and the passage of the water into it, a deficient amount has been contained in the channel of the creek for the uses of it by the plaintiff during portions of the year. At other times, when the supply of water is more abundant, a larger quantity has flowed through the channel of the creek than was required for the plaintiff's use.   And it is his use, and only that, which is to be protected by this action, and the injunction issued in it.   As to other parties owning land upon the creek, and not in this manner complaining of the acts of the defendant, no relief can be awarded.   But so far as the water of the creek was required for the convenience and uses of the plaintiff as the owner of the premises through which it passed, he is entitled to be protected.   But as to the surplus water, when that may flow in the creek, over and above what is required for his convenience and use, he has no cause of complaint against the defendant, for in the appropriation of the excess he is not injured, and even an action at law could not be maintained by him on that account. This is conceded by all the authorities.   There must not only be an appropriation of the water, to entitle the party through whose premises the stream passes to make it the subject of complaint, but, in addition to that, he must be damaged or injured by such appropriation.   This principle was conceded to be the law in *Garwood* v. *Railroad Co.*, 83 N. Y. 400, 406, 407; and it was also in *Colrick* v. *Swinburne*, 105 N. Y. 503, 506, 507, 12 N. E. Rep. 427. And the cases of *Merrifield* v. *Worcester*, 110 Mass. 216, and *Plains Co.* v. *Bradley*, 52 N. H. 86, sustain the same principle.   Two facts must concur to entitle the party complaining of the diversion of water to maintain an action, and these are the diversion itself and a consequential injury therefrom to the party complaining.   The case of *Corning* v. *Factory*, 40 N. Y. 191, in no respect contravenes this principle, for there the water which was diverted was required for the uses of the plaintiff.   To the extent that the plaintiff sustains no injury by the diversion of the water he cannot be entitled to an injunction restraining that diversion, for the fact of irreparable injury is necessarily so far out of the case; and it is to restrain the continuance of

such an injury that the law provides for the remedy by injunction. So far, therefore, as the water in the creek may be abundant to supply the plaintiff with all that he may have occasion to use, and also to supply the defendants' reservoir, and the distribution of it in the village, he has no legal or equitable grounds for complaint. When the quantity flowing in the creek is sufficient for both of these purposes, then the defendant, as a riparian owner, has the right to divert and use it. So much has been conceded by section 3, c. 737, Laws 1873, to these corporations; for it has been provided by that section of the act that a corporation formed under its provisions may have, hold, and occupy any of the waters of the state, subject to the qualification, however, that it cannot infringe in so doing upon any private right not surrendered either by agreement, lease, or purchase. No legal or equitable principle will justify the intervention of the court so far as to prevent the defendant from making use of and appropriating to its business the surplus water flowing in the creek over and above that needed for the uses and convenience of the plaintiff; and so far as the injunction has restrained the defendant from using the waters in the creek, when such a surplus may flow in its channel, it is too broad, and should be modified. No useful purpose, even to the plaintiff, can be secured or promoted by restraining the defendant from the use and appropriation of this surplus water.

The affidavits justify the conclusion that such a surplus will be found in the creek under ordinary circumstances from the last of September to the latter part of December, and from the middle of March to the middle of May, but during the summer months the amount of water flowing in the creek is shown by the affidavits to be ordinarily no more than is required for the uses and convenience of the plaintiff; and the same fact has been proved in this manner during the winter months, extending from the latter part of December until the time in March already named. During these summer and winter months the conclusion appears to be warranted by the affidavits that no surplus of water will be found flowing in this channel of the creek, and to that extent the restraint of the injunction is maintained, and should be preserved, but as to the residue of the year the defendant should be at liberty to appropriate and use so much of the water of the creek as will leave an abundant quantity for the uses and convenience of the plaintiff. That may not be capable of being precisely ascertained, but as to that the defendant must take the risk, for it will not be at liberty to encroach upon the quantity of water to such an extent at any time as will impose inconvenience on the plaintiff in his use of it by reason of a deficient supply. What he is entitled to is an abundance of water for the uses to which the water in the creek has heretofore been devoted by him. This right, both under the common law, as well as the provisions of the statute, is paramount to that of the defendant. This convenience is to be first conserved, promoted, and protected, and whatever may be left after that, and only to that extent, has the defendant a right to divert and make use of the water of the creek. The injunction will accordingly be modified to this extent, leaving the defendant at liberty during the two latter months of the fall, and until the 20th of December, and from the 15th of March to the middle of May, to use and appropriate the surplus waters of the creek in this manner, but during the other months of the year it will be required to allow the waters to flow uninterruptedly through its channel, as fully and completely as though this reservoir had not been constructed. The defendant has not by reason of any positive misconduct on its part deprived itself of the right to apply for this modification of the injunction, and an order to that effect will be made, with costs of the motion to abide the event of the action.