[Ulbricht v. Eufaula Water Company.]

# Ulbricht *v.* Eufaula Water Company.

*Bill in Equity between Riparian Proprietors, for Injunction against Diversion of Water from Stream.*

1. *Diversion or obstruction of water-course; injunction against.*—To divert, or unreasonably obstruct a water-course, is a private nuisance, actionable at law; and the jurisdiction of equity to interfere by injunctive relief, to prevent irreparable damage, and a multiplicity of suits, is well established.

2. *Conveyance with reservation as to easements and riparian rights.* In a conveyance of land on both sides of a running stream, for the purpose of enabling the grantee to utilize the water for the supply of the inhabitants of a neighboring town, a stipulation reserving to the grantor all easements, privileges and riparian rights in respect of other lands, and the right to the full, free and natural flow of the water through them, includes nothing which would not have been retained without it, as the right of water is appurtenant to the land itself, and would not have been affected by the conveyance.

3. *Riparian right to use of water.*—Every riparian proprietor, through whose lands a stream of water flows, has a right to the reasonable use of the water; but this right, which is a real or corporeal hereditament, in the nature of an easement, is not an absolute right of property, but is qualified by the equal rights of other riparian owners.

4. *Same.*—Every riparian proprietor has an equal right to have the stream flow through his lands in its natural state, without material diminution in quantity, or alteration in quality; but with the limitation, now well recognized, that each is entitled to the reasonable use of the water for domestic, agricultural, or manufacturing purposes.

5. *Same; damages for diversion.*—The diversion of water from a running stream by a riparian proprietor, for the purpose of supplying the wants of a neighboring town, not restoring it to its natural channel again, is an injury to a lower proprietor, for which he may maintain an action, and recover nominal damages, but nothing more, without proof of any special damage; the action being necessary for the protection of his right, and to prevent the acquiescence of an adverse right by prescription.

6. *Same; extent of relief by injunction.*—The defendant in this case having acquired his lands from the plaintiff for the express purpose of supplying the wants of a neighboring town by means of artificial water-works, and not returning the stream to its natural channel below, plaintiff, as a lower riparian proprietor, is entitled to an injunction in vindication of his own rights, without any proof of actual damages; but, it appearing that he is not making any particular use of the water, the injunction will be so framed as only to restrain the use of the water by the defendant "to the sensible injury or damage of the complainant, for any purpose for which he may now or in the future have use for it."

APPEAL from the Chancery Court of Barbour.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 23d May, 1888, by

Gustav Ulbricht, against the Eufaula Water Company, a private corporation, to restrain by injunction the diversion of the water of a running stream, to the injury of the complainant as a lower riparian proprietor. The land on which the defendant had constructed a dam and reservoir, for the purpose of supplying water to the city of Eufaula, contained about one acre, and was sold and conveyed to the defendant by the plaintiff himself, by deed dated January 30th, 1888, which recited as its consideration the payment of $150. The deed contained a stipulation, or reservation, in these words: "It being understood and agreed, that the said grantees, their successors and assigns, shall not acquire hereunder, and that I do not convey, any right of way, interest in, easement or other privilege, upon or in respect of any other lands owned or held by me, nor any riparian or other rights which I, my heirs, executors, administrators and assigns, have or may have as owners of any lands contiguous to the lands hereby demised and along the Little Chewalla Creek, in or to said creek, and the flow of the water therein; and that all riparian rights in respect of said stream, and the right to the full, free and natural flow of the water in said stream, through and along the other lands of me, the said Ulbricht, as on December 1st, 1887, are hereby expressly and fully reserved."

The chancellor rendered a decree in favor of the complainant, but not to the full extent prayed in the bill; and he assigns the decree as error on that account.

A. H. MERRILL, for the appellant.—The defendant in this case is not one of the corporations which are authorized, under constitutional and statutory provisions, to take land for their own purposes without the consent of the owner, or to condemn it by *ad quod damnum* proceedings; nor was any attempt made to do so. The case stands simply between two riparian proprietors, where the upper owner has unlawfully diverted the water of the stream, and failed to restore it to its natural channel. Such an injury is actionable at law, and will be restrained by injunction in equity. *Stein v. Burden*, 29 Ala. 127; s. c., 27 Ala. 104; 24 Ala. 130; *Emporia v. Soden*, 37 Amer. Rep. 265, or 25 Kans. 588; *Garwood v. N. Y. Railroad Co.*, 38 Amer. Rep. 452; *Lawson v. Menasha N. W. Co.*, 48 Amer. Rep. 528; *Webb v. Portland Man. Co.*, 3 Sum. 189. In this case, moreover, the complainant protected himself by an express reserva-

tion in his conveyance to the defendant, thereby excluding any implications or inferences which might otherwise arise.

G. L. COMER, *contra.*—The steam alleged to have been unlawfully diverted, as the evidence shows, flows through plaintiff's lands for the distance of one mile or more; yet he has never attempted to utilize it for any ·purpose, and does not allege his intention to do so. The injunction protects his abstract right, and that is all the relief he is entitled to, in the absence of proof of actual damage.—High on Injunctions, vol. 1, §§ 7, 786, 795; Angell on Water-Courses, § 93, 7th ed.; Gould on Waters, § 214; *Hayes v. Waldron,* 44 N. H. 530; *Merritt v. Brinkerhoff,* 17 ·Johns. 306; *Dumont v. Kellogg,* 29 Mich. 420; *Burden v. Stein,* 29 Ala. 104; *Dilling v. Murray,* 6 Ind. 324; *Palmer v. Mulligan,* 3 Caines, 307. But complainant knew the purpose for which defendant acquired the land it owns, and made no objection until the water-works were completed, at a great expenditure of money; and he is now estopped from complaining.—*W. U. Tel. Co. v. Judkins,* 75 Ala. 429; 57 Iowa, 675; 21 N. J. Eq. 283; 12 N. J. Eq. 498.

SOMERVILLE, J.—The purpose of the bill, which was filed by the complainant, ·Ulbricht, is to enjoin the apppropriation of the water from a running stream, diverted by the defendant corporation for the use of its water-works, constructed to supply the inhabitants of the city of Eufaula. The complainant owns land on both sides of this water-course, and so does the defendant, each being a riparian proprietor. The grievance complained of is, that the defendant, an upper riparian owner, by the construction of a dam and a reservoir, and the diversion of so large a quantity of the running stream, is guilty of an unlawful act, prejudicial to the rights of the complainant, as a lower riparian owner on the same stream.

The testimony fully establishes the diversion of the water for the purpose mentioned, resulting in a sensible diminution in the flow of the stream, at least in the dry season, or summer months. It further·shows, however, that the complainant was making no particular use of the stream, having no mill or other industry on it, and, therefore, that he suffered no special damage by the act of defendant.

The chancellor was of opinion, "that the owner below ought not to be permitted by injunction to hinder the owner above from the consumption of water which the former can

not and does not use." An injunction was nevertheless granted, "perpetually restraining the defendant from the consumption of the whole, or any part of said stream, for the use of said water-works in supplying the city, to the sensible *injury or damage* of the complainant, for any purpose for which he may now, or in the future, have use for said water." The defendant was also enjoined from backing any portion of the water of the stream on the lands of the complainant, to an extent damaging to him. The chancellor admitted the right of the complainant, also, to prevent the defendant from so using the water as to acquire an *easement by an adverse user* of any or all the water of the stream for supplying said water-works; and the complainant is declared to be entitled to the reasonable use of the flowing waters of said stream, as against the defendant, whenever he shall need it.

It is our opinion, that there is no error in this decree, and that it secures to the complainant all to which he is equitably entitled in this suit.

1. To divert or unreasonably obstruct a water-course, is a private nuisance, actionable at law. The jurisdiction of equity to interfere in such cases, by injunctive relief, to prevent irreparable damage, and avoid a multiplicity of suits at law, is clear and well established, the remedy at law being deemed inadequate.—*Burden v. Stein*, 27 Ala. 104; s. c., 62 Amer. 758; 3 Pom. Eq. Jur. § 1351; *Gardner v. Newburg*, 7 Amer. Dec. 526; *Lawson v. Menasha Co.*, 48 Amer. Rep. 528; Gould on Waters, § 215.

2. The complainant is shown to have sold to the defendant the acre of land upon which the reservoir and dam were constructed, for this specific purpose, reserving to himself all easements, and riparian rights in the *other* lands owned by him, including the water rights and privileges. This reservation retained in the grantor nothing which he would not have retained without it, as the right of water in the other land was appurtenant to the land itself, as a part of the realty, and could not have been affected by the conveyance to defendant.—*Cary v. Daniels*, 41 Amer. Dec. 532; 538.

3. There is no principle of law better recognized, than that every riparian owner of lands, through which streams of water flow, has a right to the reasonable use of the running water, which is a private right of property. The right is one annexed and incident to the freehold, being a real or corporeal hereditament, in the nature of an easement, and

must be enjoyed with reference to the similar rights of other riparian proprietors. It is, therefore, a qualified, and not an absolute right of property.—*Gardner v. Newburg*, 2 John. Ch. 161; s. c., 7 Amer. Dec. 526, and note pp. 531-534; Angell on Water-courses, sec. 5; Tiedeman on Real Prop. § 614; *Wadsworth v. Tillotson*, 15 Conn. 366; s. c., 39 Amer. Dec. 391; Boone on Real Prop. § 141.

4. The general rule is often stated to be, that every riparian proprietor has an equal right to have the stream flow through his lands in its natural state, without material diminution in quantity, or alteration in quality. But this rule is qualified by the limitation, now well recognized, that each of such proprietors is entitled to a reasonable use of the water for domestic, agricultural and manufacturing purposes; or, to state the rule, in the words of SHAW, C. J., in *Cary v. Daniels*, 8 Metc. 477; s. c., 41 Amer. Dec. 532: "Each proprietor is entitled to such use of the stream, so far as it is reasonable, conformable to the usages and wants of the community, and having regard to the progress of improvement in hydraulic works, and not inconsistent with a like reasonable use by the other proprietors of land on the same stream above and below." We will not enter into a general discussion of this phase of the case, as it is not necessary to a decision of the question before us. It is exhaustively discussed in the following authorities, which we cite merely without review.—*Stein v. Burden*, 29 Ala. 127; s. c., 65 Amer. Dec. 394; *Burden v. Stein*, 27 Ala. 104; s. c., 62 Amer. Dec. 758; *Stein v. Burden*, 24 Ala. 130; s. c., 60 Amer. Dec. 453; *Davis v. Getchell*, 50 Me. 602; s. c., 79 Amer. Dec. 636, and *note* pp. 638-645; *Dumont v. Kellogg*, 29 Mich. 420; s. c., 18 Amer. Rep. 102; *Elliott v. Fitchburg R. R. Co.*, 10 Cush. 191; s. c., 57 Amer. Dec. 85; *Crooker v. Bragg*, 10 Wend. 260; s. c., 25 Amer. Dec. 555; Gould on Waters, §§ 213-215.

5. In this case, the defendant has diverted the water from the stream, and consumes it for the purpose of supplying the wants of a neighboring town. The diversion is rendered unlawful by the fact that it is for an extraordinary or artificial use, and is not restored to its natural channel, where it is accustomed to flow. The authorities speak with one voice in sustaining the proposition, that no person has a right to cause such diversion, and that it is a wrongful act for which an action will lie by the lower riparian proprietor without proof of any special damage. The injury done the

complainant in such a case is an invasion of his general right to have the water-course flow in its natural channel, through his lands, operating to interrupt a possible water power, or to suspend an agency capable of imparting fertility to the soil through which it passes, or other damage of a general character.—*Parker v. Griswold*, 17 Conn. 288; s. c., 42 Amer. Dec. 739. In all such cases, however, the plaintiff can recover nothing more than *nominal* damages, unless he shows affirmatively that he has suffered some *special* damage. The case of *Stein v. Burden*, 29 Ala. 127; s. c., 65 Amer. Dec. 394, may be considered as settling this particular question, having been before this court on three separate appeals.—*Stein v. Burden*, 24 Ala. 130; s. c., 27 Ala. 104, *supra*. It was decided in these cases, that a riparian proprietor is entitled to nominal damages for any disturbance of his right by diversion of the waters from the stream, without returning them to the natural channel, although he offers no evidence of actual or special damage. The diversion there, as here, was for the purpose of supplying the inhabitants of a neighboring city—Mobile—with water through the medium of a system of water-works. "The law," it was said by GOLDTHWAITE, J., "in the absence of any special injury, gives nominal damages [for the invasion of every legal right], on the ground that the undisturbed enjoyment or continuation of such acts, without the consent of the owner, would ripen into evidence of a right to do them.—24 Ala. 453; s. c., 60 Amer. Dec. 453, 457. The action is allowed, as said in *Newhall v. Iveson*, 8 Cush. 595; s. c., 54 Amer. Dec. 790, "to vindicate the plaintiff's right, and to prevent a loss of it by adverse possession and lapse of time." The cases are numerous in support of this view, and of the reasons upon which such decisions are made to rest. As said in *Parker v. Griswold*, 42 Amer. Dec. 746, *supra*, "They proceed upon two grounds; first, that every injury, from its very nature, legally imports damage; and, secondly, that an injury to a right is a damage to the person entitled to that right, by jeopardizing its continuance, and leading to its very destruction." In other words, the license to interrupt the right, if acquiesced in for twenty years, would become conclusive of its reduction by the complainant, by presumed grant or otherwise, under the doctrine of prescription, the defendant's exercise of it being regarded as conclusively adverse, and as having ripened into a good title by lapse of time. The mere non-user of a

[Ulbricht v. Eufaula Water Company.]

water power by a riparian owner will not operate to impair his title, or confer any right thereto on another. He has a legal right to have the stream to continue to flow through his land, irrespective of whether he may need it for any special purpose or not. This principle we fully recognize. *Garwood v. N. Y. Cent. R. R. Co.*, 83 N. Y. 400; s. c., 38 Amer. Rep. 452; *Pillsbury v. Moore*, 44 Me. 154; s. c., 69 Amer. Dec. 91; *Blanchard v. Baker*, 23 Amer. Dec. 504; *Gardner v. Newburg*, 2 John. Ch. 161; s. c., 7 Amer. Dec. 526, note, p. 532; *Plumleigh v. Dawson*, 41 Amer. Dec. 199; *Cary v. Daniels, Ib.* 532; *Dilling v. Murray*, 63 Amer. Dec. 385.

6. If the complainant had made proof of the fact, that he had suffered any special perceptible damage by the diversion of the water in question, or that he was making any use of it, or that it was of any particular value to him, we may admit, for the sake of argument, that irrespective of any question of estoppel, which we do not consider, he would be entitled to an injunction perpetually restraining the defendant from a continuance of his wrongful act of diversion. *City of Emporia v. Soden*, 37 Amer. Rep. 265; *Garwood v. N. Y. Cent. R. R. Co.*, 38 Amer. Rep. 452; Gould on Waters, § 214. But, inasmuch as he is taking no advantage of his usufructuary right, but allows the water to flow by unutilized, and it appears to be of no special value to him, he will not be permitted to call for equitable interference in his behalf, further than to vindicate his right, and prevent a loss of it by adverse user and lapse of time. A court of equity will use its discretion, in such case, not to interfere by injunction, but leave the complainant to his remedy at law.—*Smith v. City of Rochester*, 92 N. Y. 463; s. c., 44 Amer. Rep. 393, 405; *Corning v. Troy Nail Factory*, 40 N. Y. 220, per Woodruff, J.; *Clinton v. Meyers*, 11 Amer. Rep. 373, 379.

In *Garwood v. N. Y. Cent. R. R. Co.*, 83 N. Y. 400; s. c., 38 Amer. Rep. 452, the bill was filed to prevent a railroad company, as riparian owner, from diverting water of a running stream by pipes and reservoirs, for the use of its locomotive engines, to the detriment of a lower proprietor, who was a mill-owner, and who claimed that the diversion diminished the grinding power of his mill. The defendant was restrained only "from diverting the water to the injury of the plaintiff." Upon appeal by the plaintiff, the judgment was affirmed by the New York Court of Appeals.

38

[McKelton v. The State.]

See, also, *Earl of Sandwich v. Great Northern R. R. Co.*, 10 Ch. Div. 707. The principle of this and other analogous decisions is, that the extraordinary process of injunction will be used by the court of chancery only so far as it is necessary to vindicate or enforce valuable rights of parties litigant, and will ordinarily not be allowed where the injury sought to be restrained is only trivial in its nature.

It is our opinion, that the aid of injunctive relief was carried by the chancellor's decree as far as it ought to be, in view of the facts of this case. It fully protects the complainant from injury, present and future, resulting from the use of the water by the defendant, a privilege of inestimable value to defendant, and of no special value to the complainant. The granting of the injunction, in the broad terms asked, would be of great incovenience, and even injury to the defendant, without being of any corresponding benefit to complainant.

The decree is affirmed.