MARTIN D. CHACE, Respondent, *v.* WARSAW WATER WORKS COMPANY, Appellant.

*Riparian rights — mill on a water site — participation in the diversion of the waters of a creek — reason for injunctive relief.*

It is the right of riparian owners to have the waters of natural surface streams flow in their channels subject only to such reasonable use by those owning lands higher up on the streams as does not cause a diversion of the waters to the prejudice of the usufruct of those below, and, as a rule, the riparian owners are entitled to relief by injunction when necessary for their protection against such diversion.

Although a mill on a water site may not be very valuable for practical purposes, the right of the owner thereof to the full benefit of his water privilege cannot for that reason be lawfully invaded or impaired, and the water which would otherwise reach his premises be diverted therefrom, nor can he for that reason be deprived of his right to relief by injunction if he be otherwise entitled thereto.

On the trial of an action brought to restrain a corporation from diverting the waters of a creek from their natural channel, it was shown that the defendant supplied the village wherein the plaintiff resided with water from the creek in question and from other sources, and that the plaintiff's dwelling house in such village was supplied with such water for domestic purposes, but it appeared that when such corporation first commenced to supply water to the plaintiff none of its water supply was taken from such creek.

*Held*, that such use of the village water by the plaintiff was not such a participation in the diversion complained of as to deny to the plaintiff the right to assert that, as against him, the diversion of such water by such corporation was unlawful and prejudicial.

A well-recognized reason for granting an injunction rests in the fact that it will prevent the necessity of a multiplicity of suits which might, and very likely would, be the consequence of the denial of equitable relief.

APPEAL by the defendant, the Warsaw Water Works Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Wyoming on the 26th day of August, 1893, upon the report of a referee.

*E. M. Bartlett*, for the appellant.

*Charles D. Newton*, for the respondent.

BRADLEY, J.:

The action was commenced in March, 1890, to restrain the defendant from diversion of the waters of Gibson creek from its natural channel. The plaintiff had for upwards of twenty years been the owner of a grist mill and premises adjacent to Oatka creek in the town of Warsaw, county of Wyoming, of which latter creek the Gibson creek is a tributary, intersecting it about one mile above the plaintiff's mill. In 1889 the defendant constructed a dam ten feet high and about sixty feet in length across the Gibson creek about two miles above its intersection with Oatka creek, for the purpose of there holding the water and making a reservoir to supply water to the village of Warsaw, and for such purposes as the defendant should desire to appropriate it. The plaintiff, deeming this an

invasion to the prejudice of his right to have the water of Gibson creek flow into and along Oatka creek, as contribution to the power for the operation of his mill, seeks by this action to enjoin the defendant from thus diverting the waters of the creek.

The plaintiff's mill has three run of stone used for grinding flour and feed, and is operated by the power of water taken by means of a race from Oatka creek. Both of those creeks have well-defined natural channels, wherein the water has flowed from time immemorial. And on well-settled principles the right of riparian owners is to have the waters of natural surface streams flow in their channels, subject only to such reasonable use by those above as does not operate as a diversion of the waters to the prejudice of the usufruct of those below, and as a rule the latter may be entitled to injunctive relief when requisite to protection against such diversion. (*Corning* v. *Troy I. & N. Factory*, 39 Barb. 311; 40 N. Y. 191; *Garwood* v. *N. Y. C. & H. R. R. R. Co.*, 17 Hun, 356; 83 N. Y. 400; *Smith* v. *City of Rochester*, 38 Hun, 612; 104 N. Y. 674.)

The plaintiff was during the period before mentioned and is a riparian owner, where he makes use of the water to operate his mill, and the defendant is a riparian proprietor on Gibson creek where its dam and reservoir are located. But the latter by means of a pipe leading from it diverts water from that creek. And the plaintiff alleges that such diversion is essentially injurious to him. This is a controverted question of fact.

While the evidence on the part of the plaintiff is to the effect that the water power for his mill is essentially impaired by the defendant's dam and the taking of water from the reservoir produced by it, and that as the consequence the value of his mill property is depreciated, the evidence on the part of the defendant tends to prove that there is no appreciable diminution of water in Oatka creek occasioned by the dam and diversion, and that the plaintiff's mill property is not thereby rendered of any less value than it otherwise would. have been. The referee found the fact against the defendant, and his finding in that respect is fairly supported by evidence. Since the land adjacent to the headwaters of those creeks has been cleared up, and for about twelve years before the commencement of the action, there has not been a constant supply of

water in them to operate the plaintiff's mill during the dry season from June to September inclusive. The scarcity of water has been such that the mill could be run only a small portion of the time during that period. At times of heavy rains during such time the water flows in great abundance, and soon thereafter the streams become nearly dry. Although the mill may not be very valuable for practical purposes, the plaintiff's right to the full benefit of his water privilege cannot for that reason be lawfully invaded or impaired by diversion of the water which would otherwise reach his premises and contribute to the motive power of his mill. The diversion is made through a twelve-inch pipe at the dam extending 1,800 feet, then ten-inch pipe 1,000 feet, then eight-inch pipe 600 feet and then three-and-a-half-inch pipe to the lower reservoir. From the twelve-inch pipe there is a take-off by a six-inch pipe to certain salt companies' works. The discharging capacity of these pipes as they are located is estimated at upwards of 600,000 gallons, or upwards of 89,000 cubic feet, in twenty-four hours. This is the quantity of water which, by the means applied, may be diverted by the defendant from the creek in the season of the year when the use of all the water available to the purpose may be desirable for the plaintiff to propel his wheel. And in view of the facts found by the referee and supported by the evidence it cannot here be otherwise assumed.

It is urged that the plaintiff is estopped from maintaining this action by participation in the diversion of the water of the creek in the manner it is done. The defendant was incorporated in 1869, and then constructed its water works taking water from sources other than Gibson creek. In that year, by means of two pipes, of size half inch, connected with defendant's main, water was, and since has been, taken to the plaintiff's dwelling houses in the village of Warsaw for domestic purposes. This, it is contended, has been and is such a participation in the diversion complained of as to deny to the plaintiff the right to assert that, as against him, it is unlawful or prejudicial. The cause so sought for the charge of such acquiescence on his part as to estop him from seeking relief seems quite too remote for such purpose. It appears by the referee's findings "that a portion of the water taken by the defendant from Gibson's creek has been conveyed therefrom through iron pipes to a reservoir,

there mingled with waters taken by the defendant from other sources, carried to the village of Warsaw through iron pipes and distributed to the patrons of the defendant for fire, domestic, power and manufacturing purposes." When the plaintiff became the patron of the defendant in 1869 by taking water at his house by the means so provided none of the supply was taken from Gibson creek, and the fact that he did not refuse to take any water from his connecting pipes after water taken by the defendant from that creek was mingled with water from other sources has no necessary significance by way of acquiescence in the diversion of the water in question. (*Galway* v. *M. E. R. Co.*, 128 N. Y. 132.) He did nothing in aid of the act of diversion or in applying the means to consummate it. Nor is there any evidence of consent on his part.

The cases cited by the learned counsel for the defendant do not support his proposition of participation or acquiescence in the diversion by the plaintiff.

It is contended that the case is not one for injunctive relief, because the damages sustained by the plaintiff are trivial, and that he should be left to his remedy at law.

A well-recognized reason for granting an injunction is in the fact that it will save the necessity of multiplicity of suits which might, and very likely would, be the consequence of the denial of equitable relief. And to so qualify the injunction as to permit the diversion of the water from the creek to be continued by the defendant in such manner and to such extent as not to injure the plaintiff in the operation of his mill would still leave open for controversy the question whether to any, and if so, to what extent he may from time to time in the future suffer damages by the diversion of water from the creek. This would very likely and perhaps necessarily be the consequence of such modified relief, since there apparently cannot, from the nature of the case, be declared any definite extent or measure of water which, or any designated time or times when, it can be diverted by the defendant's works from the creek without prejudice to the plaintiff's right to the use of the water flowing in the stream. It is, therefore, impracticable to adjudge any qualified permission of the defendant to do so.

Nor can it well be held, in view of the facts found by the referee and which the evidence permitted him to find, that the diversion of

the water from Gibson creek, by the means provided for that purpose by the defendant, has not been and may not substantially be prejudicial to such right of the plaintiff as a riparian owner.

The judgment should, therefore, be affirmed.

But to enable the defendant without prejudice, if so advised, to take proceedings to acquire the right to thus take the water from the creek, the operation of the injunctive provision of the judgment appealed from is suspended six months from the time of the entry and notice of the judgment upon the decision of affirmance herein.

Dwight, P. J., Lewis and Haight, JJ., concurred.

Judgment appealed from affirmed, with costs, but the operation of the injunction is hereby suspended for the period of six months.