# Brasher *et al.* v. Miller.

*Bill in Equity to enjoin the Payment of Public School Funds to Teacher.*

1. *Injunction to restrain payment of teacher of public school; when properly refused.*—Where the location of a public school is changed at the request and for the benefit of the majority of the patrons thereof, the payment of a teacher employed in such school will not be restrained by injunction at the suit of a few of the patrons, where the amount involved is small, though her contract as teacher was void because the location of the school was not changed in the manner prescribed by the statute, (Code of 1886, §§ 966, *et seq.*, as modified by Acts, 1890-91, p. 554; Acts, 1894-95, p. 551).

APPEAL from the Chancery Court of Calhoun.

Heard before the Hon. G. C. ELLIS, Special Chancellor.

[Brasher *et al.* v. Miller.]

The bill in this case was filed by the appellants, S. J. Brasher and W. J. Raper, against the appellee, L. D. Miller, as county superintendent of education of Calhoun county, and one Mrs. Jessie C. Nelson, a teacher in a township school in said county.

The bill prayed for an injunction against the payment of any part of the school revenue in said township to Mrs. Nelson, the teacher, and for the cancellation of the contract under which she was teaching, because of its illegality. The facts of the case are sufficiently stated in the opinion.

Upon the final submission of the cause on the pleadings and proof, the chancellor decreed that the complainant was not entitled to the relief prayed for, and ordered the bill dismissed. From this decree the complainant appeals, and assigns the rendition thereof as error.

PELHAM & ACKER, for appellants.—1. The trustees must have regard to the number of children who will probably attend each school, and apportion the funds of the township to the several schools as nearly equal *per capita* as practicable.—Code of 1886, § 968, par. 3 ; and as they may deem just and equitable.—Acts 1894–95, p. 554, § 4. From the decision and action of the trustees at their meeting, an appeal lies to the county superintendent.—Code of 1886, § 971. The trustees would not be liable to a private action for damages because of their official acts at this meeting, which is a distinguishing characteristic of judicial or *quasi* judicial action.—Throop on Pub. Off., § 713 ; *Chamberlain v. Clayton*, 41 Amer. Rep. 100 ; *Townsend v. Trustees*, 41 N. J. L. 312. When a *quasi* judicial power has once been exercised, the rule is the same as where a judgment has been rendered by a court of inferior and limited jurisdiction, that is that the officer or body can exercise the power only once, and can not afterwards alter his or its decision.—Throop on Pub. Off., § 564 ; *In re Hollister Bank of Buffalo*, 27 N. Y. 393 ; *People v. Supervisors*, 35 Barb. 408 ; *Haight v. Love*, 39 N. J. L. 14.

The right of complainants, as tax-payers, to maintain this suit is supported by a long line of authorities, and can hardly be questioned.—Throop on Pub. Off., § 852 and authorities cited ; High on Injunctions, §§ 1237, 1238,

1263, 1298, 1299 ; Dillon on Munic. Corp., §§ 914, *et seq.*
The right of tax-payers to the aid of a court of equity to
prevent the officers of a municipal corporation from
usurping powers, or violating the duty imposed by law,
whereby the burdens of taxation will be increased, is
recognized by authority and supported by principle.—*N.
O. &c. R. R. Co. v. Dunn*, 51 Ala. 128 ; *Allen v. La-
Fayette*, 89 Ala. 641 ; *Crampton v. Zabriskie*, 101 U. S.
601.

T. C. SENSABAUGH, *contra.*—1. The school was not
legally located. It was essential to the validity of the
meeting that the notice be published ten days.—Code of
1886, § 970 ; 21 Amer. & Eug. Encyc. of Law, 795 and
note 2.

This bill should have been dismissed. If Miller, as
county superintendent, or Coupland, as trustee, were
vested with discretionary power in contracting for the
school to be taught at Mechanicsville, instead of at Cor-
ning, the chancellor was clearly right in declining to
review their decision, as it is not in any way pretended
that they acted from improper motive. The rule that
courts will not interfere with discretion which has been
exercised by public officers, in the line of their author-
ity, applies with especial force in this case, as it is the
intention of the statute to make the decision of the
county superintendent final on all questions of this
sort.—Code of 1886, § 971.

HEAD, J.—Two citizens and tax-payers who were
parents of children within the school age, and interested
in the school fund involved in this cause, filed this bill
to enjoin the payment, by the county superintendent of
education of Calhoun county, to the respondent, Mrs.
Nelson, from the school fund, of the sum agreed to be
paid to her for teaching a school, at Mechanicsville, for
four scholastic months, beginning on the 3d day of Feb-
ruary, 1896, as evidenced by an agreement made with
her, in writing, on the 2d day of March, 1896, by F. H.
Coupland (who had heretofore been appointed township
trustee by the county superintendent), and approved by
the county superintendent. She had taught the school
from February 3d to that date, under private contract
with the patrons, so that the agreement with Coupland

assumed that liability and agreed to pay also for the remainder of the four months. The bill was filed on March 19, 1896.

There was no pretense of compliance with the statutory requirements by Coupland and the county superintendent, in establishing this school. Those requirements are clearly set forth in the Code, sections 966 *et seq*., as modified by subsequent enactments, Acts, 1890–91, p. 554; Acts, 1894–95, p. 551; and without compliance with the mandatory provisions therein found, there can clearly be no valid contract made with a teacher by the trustee or superintendent, justifying a disbursement of the public school fund. Not one of these requirements was observed in the present instance, and the contract was consequently void.

It appears, however, very clearly, from the evidence, that the location of the school, at Mechanicsville (which operated to change its location from Corning, not far distant, where it had been previously taught) and the employment of Mrs. Nelson as teacher, was in pursuance of the wishes of a very large majority of the people interested in this school fund, and that the complainants were more displeased with the selection of the teacher than with the location at Mechanicsville, and that really it was more convenient and to the best interest of all the patrons, including the two complainants, to have the school at Mechanicsville; and it is insisted, in behalf of the respondents, that these facts ought to induce the court, in the exercise of its discretion in the matter of injunction, to decline to enjoin the payment, notwithstanding the contract was in violation of strict legal right. The purpose of injunction is to prevent substantial and irreparable injustice or injury. Patrons of public schools have no voice in the selection of teachers, and if this school had been legally located the complainants would have had no legal cause to complain of the contract with Mrs. Nelson. The change of location from Corning to Mechanicsville was an actual benefit, rather than injury, to complainants, if they had not declined to patronize the school because of their disapproval of the selection of a teacher. The public fund involved was only sixty dollars, which the patrons, in order to have a school at Mechanicsville, agreed to supplement with their private funds. We think it would be an improper

use of the writ of injunction to grant it under these circumstances.—*Ulbricht v. Eufaula Water Works*, 86 Ala. 587 ; *Davis v. Sowell*, 77 Ala. 262 ; *McBryde v. Sayre*, 86 Ala. 458.   The decree of the chancellor will be affirmed.

Affirmed.