McPHAIL v. FORNEY ET AL.

WATER RIGHTS—CONVEYANCE OF—PRESERVATION OF—UNDIVIDED OWNERSHIP.

1. A water right for irrigation, together with the ditch, may be conveyed separate from the land; but a conveyance of the land, by one who owns both it, and the water right and ditch used for its irrigation, passes the water right and ditch. (Frank v. Hicks supra followed.)

2.  A ditch company having conveyed undivided interests in its ditch and water rights acquired for irrigation purposes, the grantee of one of the undivided interests is not entitled to the use of more of the water than his interest in the water right and ditch calls for, on account of his ownership of a larger proportionate quantity of the land for which the original appropriation was made, in the absence of proof showing the amount of water actually in use on his land when he acquired title, and it not appearing that the water rights were not conveyed before he acquired title to his land.

3.  It is just as necessary to the creation and preservation of a water right to provide means for the continual diversion of the water, and for conducting it to the place where it is applied to some beneficial purpose, as it is to apply it to the beneficial purpose.

4.  One cannot arbitrarily seize and use another's ditch, or interest in a ditch for that purpose.

[Commenced in District Court Aug. 18, 1892—Decided Feb. 15, 1894.]

ERROR to District Court for Carbon County, HON. JESSE KNIGHT, Judge.

This was an action brought by William G. Forney, individually and as administrator of the estate of Mollie Forney, deceased, and Jane P. Dillard, against Donald McPhail, to enjoin a diversion of water from a certain irrigating ditch known as the "Forney Ditch Co. Ditch."

The State Board of Control on March 24, 1892, upon determining the priorities of water rights upon Jack Creek, caused to be issued to the Forney Ditching Company a certificate of appropriation for 4.57 cubic feet of water per second, as a first appropriation, and 1.71 cubic feet per second, as a second appropriation. The first appropriation being Priority No. 8 and the second, Priority No. 16 on said stream. The certificate contained a description of the land to be irrigated under each of said first and second appropriations, and adding to the description under first appropriation "to irrigate in all about 320 acres," and under the second, "to irrigate in

all about 120 acres." The quantity of land described under first appropriation, however, was about 640 acres, and under the second 160 acres.

The plaintiffs and defendant were the respective owners of the larger part, if not all, of the said lands. The ditch company conveyed to the defendant a one-fifth interest in its water right and ditch; and to the plaintiffs or their grantors a four-fifths interest therein. The defendant, however, claimed to own about 480 acres of the land described in the certificate under the first appropriation, and that he was entitled to a proportionate amount of the water therefor; that the certificate of the board amounted to a decree apportioning the water to the several lands; and that his water right was not limited to the proportion named in the conveyance. The district court decided that the board of control had not, in fact, determined as to the respective rights of the owners of lands decreed to be subject to irrigation ·from the said ditch, and, in law, was not authorized so to do; that plaintiffs were entitled to the enjoyment of four-fifths of the water to irrigate their lands lying under said ditch that are described in the decree of the board of control, until they shall receive enough to irrigate all of the same at the ·legal rate of one cubic foot per second of time for each seventy acres; and that defendant was entitled to one-fifth for a like purpose, and to any surplus which plaintiffs allow to go unused. The defendant prosecuted error.

*Craig & Chatterton,* for plaintiff in error.

The amount of land being irrigated, and susceptible thereof, ·is the measure of the quantity of water to which an owner is entitled, and not the ownership of stock or interest in the ditch. (Combs v. Agricultural Ditch Co., 17 Colo., 146; Bloom v. West (Colo.), 32 Pac., 846; Hill v. Owen et al., 5 Cal., 445; Laws 1891, Chap. 8, Sec. 24, 25.) Not by the quantity diverted, but by an application to a beneficial use. (Barrows v. Fox, 98 Cal., 63; Peregory v. McKissick, 79 id., 572; Thomas v. Guirard, 6 Colo., 530; U. S. Rev. Stat., Sec. 2339.) There is no property in the corpus of the water. (Eddy v.

Simpson, 3 Cal., 249; Kidd v. Laird, 15 id., 161; McDonald v. Askus, 29 id., 200; Alde Gulch, Etc., Co. v. Hayes, 6 Mont., 31; Farmers High Line, Etc., v. Smithworth, 13 Colo., 111; Thomas v. Buckley, 17 Barb., 654; Const., Art. 8, Sec. 1.) Ditch owners are public carriers. (Price v. Riverside Co., 56 Cal., 431; McCrary v. Bandry, 67 id., 120; Wheeler v. N. Colo. I. Co., 10 Colo., 582; Honeyman v. Blake, 19 Cal., 579.) Appropriation to be measured by smallest capacity of ditch. (Higgins v. Baker, 42 Cal., 233; Atchison v. Peterson, 20 Wall., 507; Ophir M. Co. v. Carpenter, 6 Nev., 393; Caruthers v. Pemberton, 1 Mont., 111.) Board had authority to determine respective rights of owners. .(Const., Art. 8, Sec. 2; Art. 1, Sec. 31; Laws 1891, Chap. 8, Secs. 25, 24.)

*McMicken & Blydenburgh,* for defendants in error.

Ownership in a ditch gives right to use the water against one not an owner, as long as the water is applied to irrigation of lands under his control at not exceeding the statutory standard. (Combs v. Ditch Co., 17 Colo., 146.) Water is not appurtenant to the land. There are two distinct rights; one in water and one in land. (Bloom v. West, 32 Pac., 846 (Colo.); Strickler v. Colo. Springs, 16 Colo., 61; Fuller v. Swan, Etc., Co., 12 id., 12.) The board of control did not determine the respective rights of the parties. The constitutional provisions. are prospective only, and do not interfere with vested rights. (Art. 8, Sec. 31; Cooley's Const. Lim., 62, 63; Strickler v. Colo. Springs, supra; Rev. Stat. 1887, Secs. 1324, 1343, 1361; Chap. 55 Laws 1888, Sec. 17; Const. Art. 1, Sec. 35.)

Conaway, Justice.

It is alleged in the pleadings by the parties to this action, both plaintiffs and defendant, that defendants in error own a four-fifths interest in the irrigating ditch known as the Forney Ditching Company's Ditch, and that plaintiff in error owns a one-fifth interest in the same ditch. Plaintiff in error, however, claims the right to divert from said ditch and use more than one-fifth of the water carried by it. The parties,

plaintiffs and defendant, both claim under an order of the board of control dated March 24, 1892, determining and establishing in the Forney Ditch Company a right by two appropriations to 6.28 feet per second of time of the waters of Jack Creek, and describing the lands to be irrigated by this water. The parties to this suit now own the ditch in the proportions stated, deraigning their respective titles from the Forney Ditching Company by deeds purporting to convey to them their respective interests in the ditch and "the water therein contained."

As held in the case of Hicks v. Frank et al., decided at the present term, a right to the use of water for purposes of irrigation, together with the ditch or other conduit for the water, may be conveyed separate from the land upon which the water is used. It seems that this is what has been done with the water-right involved in this action. Plaintiff in error claims the right to divert and use more than one-fifth of the water carried by the ditch in question, although he claims but a one-fifth interest in the ditch, because, as he claims, he owns more than one-fifth of the land for the irrigation of which the appropriation of the water was made by the Forney Ditching Company and allowed by the board of control. This claim is not consistent. If he has acquired by the purchase of the land the right to divert and use more than one-fifth of the water carried by the ditch he would, at the same time, acquire more than a one-fifth interest in the ditch as necessary to the enjoyment and use of the water-right. According to the principles announced in the case of Hicks v. Frank et al., and a number of cases cited therein, when a party who owns land and a water-right and ditch used for the purpose of irrigating the land, conveys the land, the water-right and ditch pass by the conveyance of the land. But plaintiff in error does not, by his pleading, or evidence, bring his claim within the operation of these principles. He does not show what water was actually and rightfully being used on his land when he acquired title. He does not show that the conveyances of the different interests in the water-right acquired by the Forney

Ditching Company were not made before he acquired title to his land.

Plaintiff in error also forgets that it is just as necessary to the creation and preservation of a water-right, to provide means for the continual diversion of the water from its natural channel and for conducting it to the place where it is applied to some beneficial purpose, as it is to apply it to the beneficial purpose. And he cannot arbitrarily seize and use another's ditch, or interest in a ditch, for that purpose.

Plaintiff in error claims a right to the use of more than one-fifth of the water furnished by the ditch mentioned. This claim might well be decided against him on the pleadings as well as on the evidence. This is the only question of interest involved. Some errors in the proceedings in the district court and in its findings are assigned, but they are not material to the decision of this question, and, if error, are not such error as to authorize a reversal of the decision. The district court, by its judgment and decree, granted a perpetual injunction generally restraining the plaintiff in error from diverting from the ditch known as the Forney Ditching Company's Ditch more than one-fifth of the water carried by it, but in certain contingencies allowing him more than one-fifth. This judgment and decree is at least as favorable to plaintiff in error as the facts warrant, and it is affirmed.

GROESBECK, C. J., and CLARK, J., concur.