### (July 1, 1924.)

## CAREY LAKE RESERVOIR COMPANY, a Corporation, Respondent, v. D. C. STRUNK, GEORGE D. KELLEY et al., Appellants.

### [227 Pac. 591.]

NUISANCE — DAM — OBSTRUCTION OF NON-NAVIGABLE STREAM — ABATEMENT—INJUNCTION—USE OF NATURAL STREAM TO CONDUCT IRRIGATION WATER—PROPERTY TO WHICH ACTION RELATES—CROSS-COMPLAINT.

1. If one has a right to the use of water for irrigation and has conducted it through a non-navigable stream to the point of intended use, an obstruction of such stream, which prevents the water being so conducted, is a nuisance within the meaning of C. S., sec. 6420.

2. Where plaintiff in its complaint sought to restrain defendant from interfering with its dam, and defendant in a cross-complaint raised the question whether plaintiff has a right, as against defendant, to maintain the dam in its present form, the trial court erred in ignoring the issue tendered by the cross-complaint and refusing to permit defendant to introduce evidence responsive to it.

APPEAL from the District Court of the Fourth Judicial District, for Gooding County. Hon. H. F. Ensign, Judge.

Action to enjoin interference with an irrigation dam. Judgment for plaintiff. *Reversed.*

James & Ryan, for Appellants.

A person injured by a private nuisance may abate it by removing it. (C. S., sec. 6437; *Stiles v. Laird,* 5 Cal. 120,

63 Am. Dec. 110; 40 Cyc. 673; 27 R. C. L. 1115; 29 Cyc. 1214 (B).)

The owners of a water right are entitled to have the water of a natural stream, at least as to quantity to which they are entitled, flow down to their point of diversion, and its unlawful diversion is a private nuisance and equity will abate or enjoin the continuance of the same. (3 Kinney on Irrigation and Water Rights, p. 2962; *Tuolumne Water Co. v. Chatman*, 8 Cal. 392; C. S., sec. 6436; *Stiles v. Laird, supra;* 20 R. C. L., p. 401, sec. 22; *Hewitt v. Story*, 64 Fed. 524, 12 C. C. A. 250, 30 L. R. A. 265.)

A person has the right to use the channel of a natural stream for conveying water therein to the place of its use. (C. S., sec. 5560; 2 Kinney on Irrigation and Water Rights, sec. 832, p. 1457.)

A defendant has the right to seek affirmative relief by a cross-complaint, where the relief which he seeks affects the property to which plaintiff's action relates. (C. S., sec. 6699.)

A prior appropriator of water is entitled to an injunction restraining any person from maintaining a dam or other obstruction across the stream which interferes with the former's use of the waters thereof. (*Desmond v. Sander*, 46 Wash. 58, 89 Pac. 179; 3 Kinney on Irrigation and Water Rights, sec. 1610, p. 2931.)

To divert or unreasonably obstruct a watercourse is a private nuisance and equity will interfere in such cases to prevent irreparable damage. (*Ulbricht v. Eufaula Water Co.*, 86 Ala. 587, 11 Am. St. 72, 6 So. 78, 4 L. R. A. 572; Pomeroy's Eq. Jur., sec. 1351; Gould on Waters, sec. 215; 3 Kinney on Irrigation and Water Rights, sec. 1621, pp. 2960–2965; *Parke v. Kilham*, 8 Cal. 77, 68 Am. Dec. 310.)

Bissell & Bird, for Respondent.

A dam across a non-navigable stream is not *per se* a nuisance within the meaning of C. S., sec. 6420.

In order to constitute a natural channel for water there must be substantial indications of banks and a body of water

which ordinarily moves. (*Hutchinson v. Watson Slough Ditch Co.,* 16 Ida. 484, 101 Pac. 1059.)

One may adopt as a part of his ditch a depression, slough or high-water channel and have his right to the possession and use thereof protected the same as if such ditch had been wholly artificially made. (*Parke v. Boulware,* 7 Ida. 490, 63 Pac. 1045.)

The existence of a right in and to the waters of a lake does not necessarily imply any right in or to an outlet of such lake. (*Swank v. Sweetwater Co.,* 15 Ida. 353, 98 Pac. 297.)

McCARTHY, C. J.—The respondent company sought an injunction restraining appellants from cutting, removing, destroying or tampering with a certain earthen dam constructed by it. Respondent alleges that it is a corporation organized for the purpose of building and operating an irrigation system to supply water to the lands of its stockholders; that it has constructed and owns a system consisting of a reservoir, dams, ditches, etc. The reservoir consists of Case Lake, covering about 500 acres. The water is drawn off from the reservoir through a coulee or wash, the natural outlet of the lake, at the southern end. About 100 yards down this coulee the water is diverted into respondent's main canal by means of the earthen dam in question. The dam was constructed in 1914 or 1915. In the latter part of July or first of August, 1917, appellants tore it out and threatened to continue to tear it out as often as it might be replaced.

By their answer appellants deny that respondent is the owner of the reservoir and irrigation system; deny that the waters of the reservoir are drawn out by means of a coulee or wash leading from the lower end of the reservoir, but allege that the said alleged coulee or wash is merely a portion of the bed of a certain creek called Fish Creek along and over which the waters of Case Lake naturally flow; admit that the respondent has used said alleged coulee or bed of the said Fish Creek as a ditch to convey

water therein for use upon its lands, but deny that respondent is in any way or manner the owner of the said so-called coulee or bed of Fish Creek, or entitled to any exclusive use thereof; admit that respondent has constructed a small earthen dam across the so-called coulee, but allege that the construction of this dam has been done without right, and has resulted in diverting the flow of water from said Fish Creek into respondent's main canal, to the damage of the appellants; deny that appellants are threatening to remove the dam, admit that its removal will allow the water in said Fish Creek and from the reservoir to pass down the so-called coulee or bed of Fish Creek and will in part prevent it from being diverted into respondent's main canal, but deny that it will result in great or irreparable damage to respondent, and allege that by thus diverting the water into respondent's main canal, respondent has deprived the appellants of the use of said water to which they are entitled, to which use they have a prior right to that of the respondent.

By way of further and separate defense, and by cross-complaint, appellants allege: That on or about August 1, 1912, they made application to the state engineer for a permit to divert from what is known as Case Lake 35 second-feet of water for the purpose of irrigating lands belonging to them. Thereafter on November 2, 1912, the state engineer issued such permit to appellants, which is still outstanding and by virtue of which appellants are authorized to divert water from Case Lake for irrigation. Appellants have been for a number of years the owners of agricultural land, arid in nature, which, without the artificial use of water, is valueless for agricultural purposes. For about nine years immediately preceding the commencement of this action some of the defendants have actually diverted water from Case Lake and used it upon their land, using the same except during the irrigation seasons of 1916 and 1917, when respondent deprived them of the same. Since the issuance of said permit the appellants have by means of dams, canals and ditches diverted the water from Case Lake and used

it' upon their said land and were, at the time this suit was instituted, prepared to use said water thereon. Appellants are prior appropriators of the waters of Case Lake to the amount of 35 second-feet, respondent is not the holder or owner of any permit to divert water from Case Lake, and is not, as against these appellants, authorized to or entitled to divert water therefrom. There is no water supply available for the irrigation of defendants' lands except the water of Case Lake. The earthen dam referred to in respondent's complaint is located in the bed of Fish Creek, a natural stream, and the maintenance of such earthen dam renders it impossible for appellants to receive from Case Lake the waters to which they are entitled. By this cross-complaint appellants pray that respondent be perpetually enjoined from interfering with the defendants' use of the waters of Case Lake.

After respondent had rested appellants attempted to prove the allegations of their answer and cross-complaint. Respondents objected to the introduction of any testimony under the cross-complaint and affirmative defense for the reason that they did not state facts sufficient to constitute a defense to the complaint. This objection was sustained, judgment was rendered for respondent and the injunction granted.

Thereafter, on appellants' motion, the court made a written order reopening the case for the purpose of permitting appellants to present their proof in support of their answer, their further and separate defense and their cross-complaint. Accordingly, the case came on for further hearing. However, when appellants attempted to introduce evidence to support their answer and cross-complaint, respondent again objected, the court reverted to its original ruling, and refused to permit the introduction of such evidence. Appellants then offered to prove (1) that the earthen dam in question was in the bed of a natural stream; (2) that appellants had the first and prior right to the use of the waters which respondent was diverting into its canal; (3) that such water had been appropriated and used by appellants for

eight or nine years and continuously used by them for not less than five years; (4) that the use of said water was necessary to produce crops upon appellants' lands; (5) that as a result of respondent's continued maintenance of the earthen dam the appellants had been deprived of the use of the waters of Case Lake to which they had a prior right and their crops had suffered great damage. This offer of proof was rejected, and judgment ordered for respondent. From that judgment this appeal is taken.

Numerous assignments of error are made, but they are summed up in the first assignment, viz., that the court erred in refusing to admit evidence in support of appellants' further defense and cross-complaint.

Appellants' theory of the case is that, by virtue of being prior appropriators, they had the right to have at least the quantity of water to which they were entitled flow down to them uninterrupted, and that, if this flow were interfered with by respondent's dam they had a right to themselves cut the dam, to such an extent as to allow them to obtain their water, by way of abatement of a private nuisance.

Respondent takes the position that, because the dam was a part of its irrigation system, erected upon its land, its destruction was the destruction of private property, an unlawful act, for the prevention of which it was entitled to an injunction, and that there could be no defense. This is too narrow a view to be taken, in view of the claim advanced by appellants that they are the prior appropriators of the waters of a natural stream. If appellants are indeed prior appropriators, or possessed of water rights prior to those of respondent, and Fish Creek is a natural stream, their contention is well founded. (C. S., sec. 5560; *Rabido v. Furey*, 33 Ida. 56, 190 Pac. 73.) The laws of this state give one injured by a private nuisance the right to himself abate it.

C. S., sec. 6437: "A person injured by a private nuisance may abate it by removing, or, if necessary, destroying, the thing which constitutes the nuisance, without committing a breach of the peace, or doing unnecessary injury."

39 Idaho.—22

What constitutes a nuisance is defined by C. S., sec. 6420:

"Anything which is injurious to health or morals, or is indecent, or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, or unlawfully obstructs the free passage or use, in the customary manner, of any navigable lake, or river, stream, canal, or basin, or any public park, square, street or highway, is a nuisance."

Because the latter section specifically provides that an obstruction of a navigable stream is a nuisance it does not follow that the obstruction of a non-navigable stream is not. The maxim *inclusio unius est exclusio alterius* does not apply. The same section provides that anything is a nuisance which obstructs the free use of property so as to interfere with its enjoyment. If one has a right to use water for irrigation and has conducted it through a non-navigable stream to the point of intended use, an obstruction of such stream which prevents the water being so conducted is a nuisance under this section and may be abated under its provisions. The unreasonable obstruction of a watercourse, which prevents one from using it in a lawful manner, is a private nuisance. (*Ulbricht v. Eufaula Water Co.*, 86 Ala. 587, 11 Am. St. 72, 6 So. 78, 4 L. R. A. 572.) The court made no finding as to whether appellants had a right to use Fish Creek to conduct their water, or as to whether they committed a breach of the peace, or caused unnecessary injury to the dam.

Even if it should be held that appellants had no right to remove the dam in the way in which they did, yet this would not determine all the issues.

Appellants allege, even in their answer, that respondent "has deprived the defendants [appellants] of the use of . . . . water to which they are entitled, to which use they have a prior right to that of the plaintiff [respondent]." This claim is more definitely set out in the cross-complaint. C. S., sec. 6699, specifically provides that affirmative relief may be sought by a cross-complaint where such relief affects the property to which the action relates:

"Whenever the defendant seeks affirmative relief against any party, relating to or depending upon the contract or transaction upon which the action is brought, or affecting the property to which the action relates, he may, in addition to his answer, file at the same time, or by permission of the court subsequently, a cross-complaint. The cross-complaint must be served upon the parties affected thereby, and such parties may demur or answer thereto as to the original complaint."

The property to which the action relates is the dam in Fish Creek. The cross-complaint tendered an issue as to whether respondent had the right, as against appellants, to maintain the dam in its present form. Respondent's answer to the cross-complaint met this issue. It should have been tried and determined. The court should have permitted appellants to show, if they could, that they held a prior water right, that the coulee or wash in question was in fact a natural stream or watercourse, from which they had regularly received water appropriated by them, and that respondent had no right to maintain its dam without letting their water through.

The judgment is reversed and the cause remanded for retrial in accordance with the views expressed in this opinion. Costs are awarded to appellants.

Budge, William A. Lee and Wm. E. Lee, JJ., concur.